[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION FOR ORDER OF COMPLIANCE (#130)
The Plaintiff's Motion for Order of Compliance (#130) appeared as a non-arguable matter, scheduled for resolution without hearing, on Short Calendar No. 2 dated August 21, 2000. Through this motion, the plaintiff has requested specific orders, as contemplated by Practice Book Sec. 13-14, which would compel the defendant to: produce documents requested in a deposition notice dated March 1, 2000; respond to the plaintiffs and production requests dated December 14, 1999; submit to a deposition; and pay $200 as a reasonable attorney's fee for the bringing of this motion. Having reviewed and considered the record of pleadings and discovery issues which are presented through this file, the court finds these matters in favor of the plaintiff.
The record reflects a number of previous court rulings that support this court's findings, and the history of the matter indicates that "the ends of justice require" the entry of compliance orders in this case. Practice Book Sec. 13-14. Through the original complaint, dated September 2, 1999, the plaintiff alleged that the defendants had sold her a defective Lexus automobile, using improper means to procure the plaintiff's purchase. On September 30, 1999, the defendant requested an extension of time within which to respond to the complaint. On December 3, 1999, the defendant submitted a request to revise the complaint. The plaintiff responded by submitting a revised complaint under date of December 13, 1999. Thereafter, on December 30, 1999, the defendant again submitted a second request for extension of time, which would allow it to submit a responsive pleading on or before February 13, 2000 (#106): this motion was granted on January 18, 2000 (Maloney, J.). On February 14, CT Page 10746 2000, the defendant submitted a third motion for extension of time within which to plead, requesting an additional thirty days within which to answer the revised complaint (#108). The plaintiff responded on February 15, 2000 by objecting to this motion for extension of time (#113), and filed a motion for default upon the defendant's failure to plead (#116): this motion was denied on March 13, 2000 (M. Hennessey, J.), as the defendant had filed its answer under date of March 6, 2000 (#119).
The certificate of closed pleadings was filed on March 7, 2000. Thereafter, on May 8, 2000, the court assigned the matter for a pretrial conference to be held on June 28, 2000 (Berger, J.). The scheduling of this conference served to further alert counsel that the matter was subject to assignment for trial at the convenience of the court.
During this period of attention to the pleadings, the parties also had engaged in a prolonged contest over discovery issues. On December 13, 1999, the plaintiff had submitted interrogatories and production requests to the defendant. On February 11, 2000, some two months later, the defendant submitted a motion to extend time within which to respond to these interrogatories, requesting an "additional 30 days" within which "to file responses" thereto (#111).[1] This matter was not acted upon by the court. Under date of February 18, 2000, the defendant filed its objections to the pending disclosure and production request, objecting to each of the plaintiff's eighteen interrogatories, and to each of the plaintiff's fourteen production requests (#115).[2] These objections were apparently resubmitted by the defendant, in their entirety, under date of February 28, 2000 (#118). On March 24, 2000, the court addressed a portion of these matters, overruling the defendant's objections to production requests No. 5-14, but apparently leaving other items unresolved (Hale, J.).
Under date of March 9, 2000, the defendant had submitted a motion for protective order (#121), seeking to limit its obligation to produce, at a deposition, virtually those same documents and items as had been sought through the plaintiff's December 13, 1999 interrogatories and production requests. Under date of March 24, 2000, the plaintiff had objected to the defendant's motion for protective order (#123); the defendant submitted a reply to this plaintiff's objection to the motion for protective order under date of April 14, 2000 (#124). On April 11, 2000, this motion for protective order (#121) was denied by the court (Hale, J.), and The plaintiff's objection to the motion for protective order (#123) was sustained by the court that date, as well (Hale, J.). Under date of April 20, 2000, the defendant submitted a supplement to its motion for protective order (#127), along with a motion for reconsideration of the issues that had been raised through its application for a protective order (#125). Under date of April 24, 2000, the defendant again filed a CT Page 10747 motion for reconsideration of these issues (#126): this motion was denied by the court on May 4, 2000 (Hale, J.). These rulings, made after the court's full and deliberate consideration of the discovery proceedings, yields the clear and well-founded impression that the defendant was obliged to comply with the discovery process by producing the documents at issue and making them available to the plaintiff
The plaintiff's current motion for an order of compliance thus must be viewed in the light of the age and maturity of this case, which has been pending for nearly a year upon the docket of the Hartford Judicial District. The matter has been the focus of much judicial attention at the short calendar stage, and has already been the subject of judicial intervention through the pretrial conference. The very items and issues which are addressed through the plaintiff's motion for order of compliance have already been the subject of three rulings by Judge Hale (#121, #123, #126). Notwithstanding the spirit, tenor and letter of these rulings, the defendant has apparently failed to voluntarily produce the documents at issue, or to answer any portion of the written discovery propounded in December of 1999.
To enable the parties to proceed to a full and fair identification of the issues that will be addressed at trial, the court must support reasonable efforts to achieve a timely completion of the pretrial discovery process. To its credit, the defendant does not appear to have submitted any objection to the plaintiff's current motion for order of compliance. However, given the history of this matter, there is scant reason for the court could conclude that, absent the imposition of such sanctions as are contemplated by Practice Book Sec. 13-14, the defendant would timely and adequately comply with the plaintiff's outstanding discovery requests. Under the circumstances presented in this matter, the court finds the plaintiff's request for counsel fees to be fair and reasonable. Accordingly, the court grants the relief requested.
WHEREFORE, the Plaintiff's Motion for Order of Compliance (#130) is hereby GRANTED, and the following orders are entered:
 1. Within thirty days of this order, the defendant must respond, without objection, to the plaintiffs and production requests dated December 14, 1999.
 2. Within thirty days of this order, the defendant must pay the plaintiff $200 as a reasonable attorney's fee for the bringing of motion (#130).
 3. Within thirty days of this order, the defendant must produce the documents and items requested CT Page 10748 through Exhibits A and B to the deposition notice dated March 1, 2000.
 4. Within sixty days of this order, the defendant must submit to a deposition duly noticed by the plaintiff. Practice Book Sec. 13-26.
BY THE COURT,
N. Rubinow, J.